11-821
Yang v. Holder

BIA
Chew, IJ
A078 222 617

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of August, two thousand twelve.

PRESENT:
　　　　DENNIS JACOBS,
　　　　　　*Chief Judge,*
　　　　JON O. NEWMAN,
　　　　PIERRE N. LEVAL,
　　　　　　*Circuit Judges.*
_____

MIN YANG,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　11-821
　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　WaiSim M. Cheung, Tsoi and
　　　　　　　　　　　Associates, New York, New York.

FOR RESPONDENT:　　　Tony West, Assistant Attorney
　　　　　　　　　　　General; Mary Jane Candaux,

05212012-29

**Assistant Branch Director; Matthew A. Connelly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Min Yang seeks review of a February 3, 2011, decision of the BIA affirming the October 22, 2008, decision of Immigration Judge ("IJ") George T. Chew, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Min Yang*, No. A078 222 617 (B.I.A. Feb. 3, 2011), *aff'g* No. A078 222 617 (Immig. Ct. N.Y. City Oct. 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

Yang, a native and citizen of the People's Republic of China, sought relief from removal based on her assertion

2

that she fears persecution because she has had more than one child in the United States, which they contend is in violation of China's population control program and because she is Catholic. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's denial of asylum, withholding of removal, and CAT relief insofar as those claims were based on Yang's fear of persecution under China's population control program. *See id.* at 158-72.

With respect to Yang's religion claim, contrary to her contention, the BIA did not review *de novo* the IJ's factual findings when it found clearly erroneous the IJ's factual determination that Yang's continued practice of Catholicism in China was speculative, but nevertheless agreed with the IJ's dispositive determination that Yang did not demonstrate, as a matter of law, an objectively reasonable fear that she would be persecuted in China on account of her religion. *See* 8 C.F.R. § 1003.1(d)(3); *see also Hui Lin Huang v. Holder*, Nos. 10-1263 (L), 11-3584(Con), --- F.3d ----, 2012 WL 1003506, at *4 (2d Cir. Mar. 27, 2012) ("The BIA [] is on sound ground in its view that *de novo* review applies to the ultimate question of whether the applicant has sustained her burden to establish that her subjective

fear of persecution is objectively reasonable."). Moreover, the agency reasonably found that Yang failed to show that members of unregistered Catholic groups face persecution in Fujian Province, or that Chinese authorities were aware of, or were likely to become aware of, her practice of Catholicism. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk